HEARD APRIL TERM, 1876.

COOKE, EXECUTOR, AND ZEIGLER, EXECUTRIX, *vs.* PENNINGTON
AND PRICE.

1st. Where the attorney of a party agrees in writing that a certain deed of conveyance of real estate offered by the other side shall be received in evidence at the trial and directs the Referee to incorporate the admission into his report, which is done, he cannot at the trial object to the deed on the ground that it has not been proved.

2d. A mortgage of real estate must be proved according to the common law rules of evidence,

BEFORE CARPENTER, J., AT RICHLAND, OCTOBER TERM, 1875.

This was an action by Thomas H. Cooke, executor, and Jane M. Zeigler, executrix of Daniel Zeigler, deceased, against John M. Pennington and William Price for foreclosure of a mortgage of real estate given by John M. Pennington to the testator and to the said Jane M. Zeigler, bearing date February 26, 1872.

Price was made a defendant on the ground, as alleged in the complaint, that he purchased the land at a sale for taxes made in May, 1873. The case was referred to a Referee to take the evidence upon the issues raised by the pleadings. The only evidence as to the execution of the mortgage reported by the Referee was that of the plaintiff, Cooke, who testified that he drew the mortgage, and that it was executed in his presence but not witnessed by him.

The Referee also reported that the plaintiff's attorneys, by an instrument of writing, bearing date April 29, 1875, admitted the execution of the deed taken by Price when he purchased at the tax sale and authorized the Referee to incorporate such admission in his report, which was done.

At the trial, the defendants' counsel offered the original tax deed in evidence and was informed by the Court that it regarded no tax title or deed as in evidence; that the Court would in an ordinary case remand the report to the Referee with leave to the defendant to prove said tax deed, but the Court would extend no favor to the defendants' claim under a tax title.

To this ruling the defendant Price excepted.

The defendants then moved to have the complaint dismissed on the ground that the execution of the mortgage had not been proved.

The motion was overruled and the defendants excepted.

Judgment of foreclosure was then entered against the defendants, and they appealed on the following and other grounds:

1. That His Honor erred upon the trial in ruling that no tax deed of the defendant Price was in evidence before the Court.

2. That His Honor erred in overruling the defendants' motion to dismiss the complaint upon the ground that the execution of the mortgage from John M. Pennington to Daniel and Jane M. Zeigler, set forth in the complaint, had not been proved according to law.

*Bacon* for appellant.

*Baxter & Seibels*, contra.

July 1, 1876.   The opinion of the Court was delivered by

MOSES, C. J.   The motion seeks to reverse the order made by the Circuit Court in the said cause, and the judgment thereon entered, on the two following grounds :

*First.* That His Honor the presiding Judge erred in ruling that no tax deed of the defendant, Price, was in evidence.

*Second.* That His Honor overruled the exception of the appellant to the introduction of the mortgage because not proved according to law.

Both exceptions are well taken.   The admission of April 29, 1875, by the respondent's attorney, of the execution of the deed from the County Auditor to Price, conveying, as alleged, the premises purchased at a tax sale, with authority to the Referee to incorporate it into his report, must be accepted as an acknowledgment of the introduction of the instrument in evidence.   The course of the counsel for the respondents, in his cross-examination of Price, on May 1, 1875, in relation to his purchase of the land on the sale of it for taxes, makes clear the understanding of the counsel at the time of the admission and the practical effect proposed by it.   To limit its purpose, as is now claimed, would operate as a surprise on the appellant, Price, who must have supposed that the admission dispensed with the necessity of the introduction of either of the subscribing witnesses to prove his deed.   The presiding Judge seems to have been impressed with this view; for he said "that the Court would in an ordinary case remand the report of the Referee, with leave to the defendant to prove the said tax deed, but that the Court would extend no favor to the defendants' claim under a tax title."   The party was entitled to every benefit which his title conferred, and the rules of law, both in principle and practice, must

have a general application, so far as they are to affect legal rights, without regard to the sources through which they may be derived. If, according to the statute law of this State, a good title to land may be conferred by a sale under a process for the collection of taxes, a Court of law is as much bound to enforce it as if obtained in any other regular mode.

In regard to the second ground, it is enough to say that the common law rule as to the proof of execution of attested instruments has always prevailed in South Carolina. Except the change made by the Act of 1802, (5 Stat. at Large, 435, Gen. Stat., 514,) which dispenses, under certain circumstances, with proof of the execution of any note or bond by the subscribing witness, it still obtains without any modification.

The motion to set aside the order and judgment is granted and the case remanded to the Circuit Court.

. *Wright*, A. J., and *Willard*, A. J., concurred.